1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

     Respondent/Plaintiff,

v.

JESUS ALBERTO MENDEZ-ACOSTA

     Movant/Defendant.

Case No. 2:10-CR-00476-KJD-GWF
          2:12-CV-00973-KJD-GWF

**<u>ORDER</u>**

     Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence (#147) pursuant to 28 U.S.C. § 2255.  In accordance with 28 U.S.C. § 2255 ("§ 2255"), the Court finds that a response from the Government is unnecessary, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

     Movant Jesus Alberto Mendez-Acosta ("Movant") is in federal custody serving a 70-month sentence imposed by this Court on a conviction for conspiracy to distribute a controlled substance, methamphetamine in violation of 21 U.S.C. § 846. Movant filed the present motion on June 4, 2012. This Court has jurisdiction under 28 U.S.C. § 2255.

     Pursuant to 28 U.S.C. § 2255, a prisoner may move this Court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States,

1  or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

2  of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

3  I.  Standard for § 2255

4       Movant argues for two grounds for relief from this Court. First, Movant argues that his trial

5  counsel was ineffective for failing to disclose the possibility of a reduced sentence under a purported

6  United States Attorney General Memorandum dated April 28, 1995. Second, Movant argues that his

7  trial counsel was ineffective for failing to argue for supervised release if Movant agreed to immediate

8  deportation.

9       A § 2255 movant can ordinarily establish "cause" by demonstrating that counsel rendered

10  ineffective assistance. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991).  However, attorney

11  error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error

12  was due to ignorance, inadvertence or deliberate strategy. See id. at 752.

13  II. Ineffective Assistance of Counsel – Attorney General Memorandum

14       Movant argues that his trial counsel was ineffective when advising him about a proposed plea

15  agreement. Movant agreed to plead guilty to one count of conspiracy to distribute a controlled

16  substance, methamphetamine in violation of 21 U.S.C. § 846. Movant argues that trial counsel

17  should have informed him of a United States Attorney General Memorandum dated April 28, 1995

18  instructing United States Attorneys to offer one to two points of downward departure if the defendant

19  agrees to a final deportation order.

20       There have been several cases in district courts in this circuit addressing the April 28, 1995

21  Memorandum. The Memorandum is non-binding on this Court and its guidelines have been largely

22  abandoned in every circuit in the United States. See U.S. v. Hamilton,CR 06-59-M-DWM, 2012 WL

23  3144651 (D. Mont. August 1, 2012). "[M]emoranda circulated among federal prosecutors, like the

24  United States Attorneys' Manual and other such publications, do not create rights a defendant may

25  enforce and do not impose an obligation for prosecutors to tell defense attorneys what they say." Id.

26

1  The Memorandum does not require prosecutors to recommend or offer a downward departure. <u>Id</u>.

2  The legal landscape has changed significantly since the mid-1990's, because Congress codified

3  sentencing guidelines for alien defendants in the Anti-Terrorism and Effective Death Penalty Act

4  (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). <u>Id</u>. The

5  Attorney General Memorandum is essentially a "dead letter." <u>Id</u>.

6        The Court must determine whether Movant's trial counsel was ineffective. To prove

7  ineffective assistance of counsel, the Movant must show; (1) that his trial counsel's performance fell

8  below an "objective standard of reasonableness" and; (2) "a reasonable probability that, but for

9  counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v.</u>

10  <u>Washington</u>, 466 U.S. 668 (1984).

11        Here, there is no evidence that trial counsel's advice prior to the plea agreement fell below

12  the objective standard of reasonableness because there is no evidence that the procedures outlined in

13  the April 25, 1995 Memorandum were in place in this district or that trial counsel even knew about

14  an internal Memorandum circulated amongst opposing counsel 18 years ago. Further, there is no

15  evidence that the result of the plea would have turned out differently for Movant. No evidence has

16  been presented to show that government counsel would have considered a one to two point

17  downward departure if Movant's trial counsel had requested it pursuant to the April 25, 1995

18  Memorandum. Therefore, trial counsel's failure to advise Movant of the April 25, 1995

19  Memorandum does not fall below the objective standard of reasonableness. Further, there is no

20  reasonable probability that a different result would have occurred at Movant's sentencing if trial

21  counsel would have requested a one to two point downward departure in adherence to the April 25,

22  1995 Memorandum.

23  <u>III. Ineffective Assistance of Counsel – Deportation</u>

24        Movant argues that trial counsel was ineffective for failing to argue for deportation under 18

25  U.S.C. § 3583(d). Specifically, Movant cites the portion of the United States Code stating, "If an

26

3

alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation."

While this provision of the United States Code appears to offer Movant the option of deportation rather than imprisonment, Movant's analysis is erroneous. Movant claims trial counsel should have argued for deportation rather than imprisonment. However, in U.S. v. Tinoso, the Ninth Circuit Court of Appeals determined that deportation is not a sentencing option for criminal defendants because deportation is a function of the Executive Branch. U.S. v. Tinoso, 327 F.3d 864, 866 (9th Cir. 2003). Therefore, Movant's trial counsel's performance did not fall below the objective standard of reasonableness because deportation was not a sentencing option available to Movant. Moreover, arguing for deportation could not have resulted in a different outcome at Movant's sentencing hearing. Thus, the Court must deny Movant's motion.

## IV.  Certificate of Appealability

A court may issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2).  To obtain a COA, a movant must meet the "substantial showing" standard with respect to each issue he or she seeks to raise on appeal.  See id. § 2253(3); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).  When the court has denied a movant's claims on the merits, the movant must demonstrate that jurists would find the district court's assessment of the claims debatable or wrong.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Here, the Court must deny Movant a COA, because he has neither made a substantial showing of the denial of a constitutional right nor could Movant demonstrated that jurists would find the district court's assessment of the claims debatable or wrong.

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate, Set Aside, or Correct Sentence (#147) pursuant to 28 U.S.C. § 2255 is **DENIED**;

4

IT IS FURTHER ORDERED that Movant is **DENIED** a certificate of appealability.

DATED this 31st day of May 2013.

_____
Kent J. Dawson
United States District Judge